UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE HUNTINGTON NATIONAL BANK,
successor to Fidelity Bank,

       Plaintiff,

                                                  CASE NUMBER: 12-13474
v.                                        HONORABLE VICTORIA A. ROBERTS

CENTRE COURT PROPERTIES, LLC,
ROBERT W. KIRK, ROBERT S. HUTH
and KIRK & HUTH, P.C., jointly and severally,

       Defendants.
_____/

**ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT (DOC. # 31)**

**I.    INTRODUCTION**

       Huntington National Bank ("Plaintiff"), as successor to Fidelity Bank, brought an action against Centre Court Properties, LLC ("Centre Court"), Robert Kirk, Robert Huth, and Kirk & Huth, P.C. (collectively, "Defendants") after Centre Court defaulted on its mortgage loan.  At the time of the loan, Kirk, Huth and Kirk & Huth, P.C. (the "Guarantors") each executed an absolute and unconditional guaranty of repayment (the "Guaranties"), personally guaranteeing the payment of Centre Court's debt.  Plaintiff alleges three claims of relief: Breach of the Note (Count I); Breach of the Guaranties (Count II); and Judicial Foreclosure (Count III).

       This matter is before the Court on Plaintiff's Motion for Summary Judgment on Counts I and II.  On December 16, 2013, the Court held a telephone conference regarding this matter.  Attending were Patrick Lannen for the Plaintiff and Raechel Badalamenti and Robert Huth for Defendants.

Plaintiff's motion is **GRANTED IN PART**. The Court finds there is no genuine issue of material fact as to liability. Accordingly, Centre Court is liable on Count I, Breach of the Note, and the Guarantors are liable on Count II, Breach of the Guaranties. Because a genuine issue of material fact exists as to the amount owed by Defendants, the Court denies the entry of a money judgment.

In response to discussion during the telephone conference, Plaintiff's claim for Judicial Foreclosure (Count III) is **DISMISSED WITHOUT PREJUDICE**. If Plaintiff is unable to collect from Defendants after entry of a money judgment, it may pursue foreclosure proceedings.

## II.  BACKGROUND

On June 29, 2007, Centre Court obtained a $1,466,250.00 loan from Fidelity Bank secured by real property. The monthly installments were $12,141.02 until June 29, 2012, at which time the remaining balance was due. The mortgage required Centre Court to pay all taxes assessed against the property.

Contemporaneous with the execution of the note and mortgage, Guarantors separately executed guaranties of repayment. Guarantors agreed to be personally liable for "the payment and performance of each and every debt, liability and obligation of every type and description which Centre Court may now or at any time hereafter owe." *Guaranties* at 1. The Guarantors also agreed that Huntington was not required to first foreclose on the property or attempt to recover from Centre Court before enforcing the Guaranties. *Id.* at 2 ("Lender shall not be required first to resort for payment of the Indebtedness to Borrower or other persons or their properties, or first to

enforce, realize upon or exhaust any collateral security for Indebtedness, before enforcing this guaranty.").

On March 30, 2012, Plaintiff entered into a Purchase and Assumption Agreement, under which it assumed all of Fidelity Bank's rights and obligations in and to Centre Bank's note and mortgage and the Guaranties.

Centre Court defaulted on the loan by failing to repay the outstanding balance on June 29, 2012. It also defaulted by failing to pay property taxes from 2009 to 2012. Centre Court admits these defaults.

On August 8, 2012, Plaintiff filed this action. On December 17, 2012, to avoid tax foreclosure on the property, Plaintiff paid $102,281.04 to the Macomb County Treasurer for past due taxes from the 2009 and 2010 taxable years.

Plaintiff filed its Motion for Summary Judgment on July 15, 2013. Plaintiff says that, as of July 15, 2013, Defendants are jointly and severally liable for Centre Court's defaults in the amount of $1,605,008.12 – which continues to grow. Plaintiff's figure represents unpaid principal of $1,363,540.59; unpaid interest of $195,994.09; late charges equaling $24,160.59; and costs and attorneys' fees of $21,312.85.

Defendants dispute the amount owed. They say they made monthly payments of $12,141.02 from the inception of the loan until March 2012, and that owing $1,363,540.59 in principal on a $1,466,250.00 loan after five years does not add up. Defendants argue Plaintiff produced insufficient documentation to support the amount it claims due. In addition, Defendants attach "an unverified Fidelity Bank - Loan History Record" to their Response and say there is an unwarranted rise in the interest rate and the late charges and attorney fees are unsupported. Defendants ask for an evidentiary

3

hearing regarding the issue of damages/amount of outstanding debt.

## II.     STANDARD OF REVIEW

The Court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-57 (1986). A fact is material for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984).

Once a movant demonstrates the absence of a genuine issue of material fact, the opposing party must make an affirmative showing with proper evidence to defeat the motion. *Alexander v. Caresource*, 576 F.3d 551, 558 (6th Cir. 2009). On a motion for summary judgment, the facts must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## III.    ANALYSIS

Plaintiff moves for summary judgment on its Breach of the Note and Breach of the Guaranties claims. During the telephone conference, Defendants conceded liability except to argue the Guaranties required Plaintiff to foreclose on the collateral before attempting to collect under the Guaranties.

The record establishes that Centre Court defaulted on the terms of the mortgage loan and accompanying promissory note, and Plaintiff is successor to Fidelity Bank. Thus, Centre Court is liable under Count I, Breach of the Note.

In addition, the Guarantors are liable to Plaintiff for the full amount Centre Court owes under the mortgage loan and note. Under Michigan law, a creditor may proceed against a guarantor of "payment" prior to filing any claim against the borrower or foreclosing on collateral. *See Comerica Bank v. Cohen*, 291 Mich. App. 40, 48-49, 51 (2010); *31800 Wick Road Holdings, LLC v. Future Lodging-Airport*, 848 F.Supp.2d 757, 764-65 (E.D. Mich. 2012)(citing *Krekel v. Thomasma*, 255 Mich. 283, 288-89, 238 N.W. 255 (1931). Plaintiff argues that the terms and conditions of the Guaranties are similar to those in *Cohen* and *Wick Road*. The Court agrees. The Guaranties clearly and unambiguously provide that Plaintiff may proceed against the Guarantors before trying to recover from Centre Court or foreclosing. *See id.* Accordingly, the Guarantors are liable under Count II, Breach of the Guaranties.

The Court grants Plaintiff summary judgment on Counts I and II as to liability.

Because a genuine issue of material fact exists regarding the interest rate, the late charges and the outstanding debt in general, the Court cannot enter a money judgment for the amount Defendants owe Plaintiff. If the parties cannot otherwise agree on the amount of damages, the Court will hold a hearing to determine them.

## IV. CONCLUSION

Plaintiff's motion is **GRANTED IN PART**. Centre Court is liable for Count I, Breach of the Note, and the Guarantors are liable for Count II, Breach of the Guaranties. The Court denies the entry of a money judgment.

Plaintiff's Judicial Foreclosure claim (Count III) is **DISMISSED WITHOUT PREJUDICE**. If Plaintiff is unable to collect from Defendants after entry of a money

judgment, it may pursue foreclosure proceedings.

The parties have until January 6, 2014 to let the Court know if they have agreed on the amount of damages.  Otherwise, the Court will hold a hearing to determine them.

The trial scheduled for January 14, 2014 is **CANCELLED**.

**IT IS ORDERED.**

S/Victoria A. Roberts<br>
Victoria A. Roberts<br>
United States District Judge

Dated:  December 18, 2013

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 18, 2013.

S/Linda Vertriest
Deputy Clerk

---

6