UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE HUNTINGTON NATIONAL BANK,
successor to Fidelity Bank,

       Plaintiff,

CASE NUMBER: 12-13474
v.   HONORABLE VICTORIA A. ROBERTS

CENTRE COURT PROPERTIES, LLC,
ROBERT W. KIRK, ROBERT S. HUTH,
and KIRK & HUTH, P.C., jointly and severally,

       Defendants.
_____/

**ORDER DENYING DEFENDANTS'
MOTION FOR RECONSIDERATION (DOC. # 43)**

Before the Court is Defendants' Motion for Reconsideration of the Court's December 18, 2013, Order Granting in Part Plaintiff's Motion for Summary Judgment.

Local Rule 7.1(h)(3) provides the Court's standard of review:

> Generally, and without restricting the court's discretion, the court will not grant motions for ... reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010). "[A]bsent a significant error that changes the outcome of a ruling on

a motion, the Court will not provide a party with an opportunity to relitigate issues already decided." *Id.*

Defendants argue Mich. Comp. Laws 600.3160 requires Plaintiff to first foreclose on the collateral before proceeding against the guarantors. Defendants briefed this argument in their response to Plaintiff's motion for summary judgment; it is unavailing.

The guarantor Defendants each executed a Guaranty of Payment. The terms of each Guaranty unambiguously allows Plaintiff to collect from the guarantors before foreclosing: "Lender shall not be required first to resort for payment of the Indebtedness to Borrower or other persons or their properties, or first to enforce, realize upon or exhaust any collateral security for Indebtedness, before enforcing this guaranty." *See Guaranties* at p. 2. Pursuant to the plain terms of the Guaranties, Plaintiff is not required to foreclose on the collateral before proceeding against the guarantors. *See Comerica Bank v. Cohen*, 291 Mich. App. 40, 48-49, 51 (2010); *31800 Wick Road Holdings, LLC v. Future Lodging-Airport*, 848 F.Supp.2d 757, 764-65 (E.D. Mich. 2012)(citing *Krekel v. Thomasma*, 255 Mich. 283, 288-89, 238 N.W. 255 (1931).

Defendants' Motion for Reconsideration is **DENIED**. There is no palpable defect in this Court's Order (Doc. # 40) Granting in Part Plaintiff's Motion for Summary Judgment.

**IT IS ORDERED.**

                                        s/Victoria A. Roberts
                                        Victoria A. Roberts
                                        United States District Judge

Dated: December 27, 2013

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 27, 2013.

s/Linda Vertriest
Deputy Clerk